UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PEGGY JOYCE FLANAGAN, | ) | CASE NO. 5:16-cv-1506 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the objection of plaintiff to the Report and Recommendation of Magistrate Judge David A. Ruiz[1] regarding plaintiff Peggy Flanagan's ("plaintiff" or "Flanagan") request for judicial review of defendant Commissioner of Social Security's ("Commissioner") denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act (Doc. No. 16 ["R&R"]). (Doc. No. 17 ["Obj."].) The R&R finds that the Commissioner's decision is supported by substantial evidence, and recommends that the decision be affirmed. The Commissioner responded to plaintiff's objection. (Doc. No. 18 ["Resp."].)

For the reasons that follow, plaintiff's objection is overruled and the Commissioner's decision is affirmed.

---

[1] This matter was automatically referred to the magistrate judge for a report and recommendation pursuant to Local Rule 72.2. (*See* Automatic Reference dated June 17, 2016.)

## I. BACKGROUND

**A. Personal and Medical**

Plaintiff was born on April 20, 1977, and has a high school education and past relevant work as a fast food worker. (R&R at 831.[2]) The plaintiff's medical background is extensively detailed by the magistrate judge and, there being no objection to that portion of the R&R, the Court adopts the same.[3] For purposes of context, however, the Court will provide a brief summary.

Flanagan has a longstanding history of back, neck, and shoulder pain. (*See id*. at 833.) Her primary care doctor, Christopher Stetler, DO, referred her to the Pain Center at Affinity Medical Center where she was seen by Dr. Batalla on February 8, 2011. (*Id.*) She reported to Dr. Batalla that she had previously been diagnosed with fibromyalgia.[4] (*Id.*) Dr. Batalla advised Flanagan at the time that her pain "is most likely multifactorial with fibromyalgia contributing to most of it." He recommended pain medication, regular sleep, physical therapy, exercise, cessation of smoking, weight loss, and a follow-up visit in one month. (*Id.* at 834.)

---

[2] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

[3] Flanagan has not objected to the R&R with respect to the procedural history (Section I), plaintiff's personal background information (Section II), relevant medical evidence (Section III), testimony of the vocational expert (Section IV), the ALJ's decision (Section V), the disability standard (Section VI), or the standard of review of the Commissioner's decision (Section VII). The failure to file written objections to the R&R of a magistrate judge constitutes a waiver of a de novo determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Accordingly, there being no objection, the Court adopts Sections I-VII of the R&R.

[4] Plaintiff's medical records are unclear regarding the original diagnosis and Flanagan cannot recall the name of the doctor who provided that diagnosis. The Commissioner, however, does not contest that Flanagan was diagnosed with fibromyalgia. (R&R at 833 n.2 and 848.)

On September 26, 2011, she sought treatment from Dr. Stetler for an infection, and advised the nurse that she had back pain and was experiencing severe anxiety. (*Id.*) Under "History of Present Illness," his treatment notes state that "[f]ibromyalgia is the main cause of much of her pain." (*Id.*) On January 15, 2012, plaintiff presented at Mercy Medical Center for coughing and back pain, and Dr. Arpad Batizy treated her chest cold. (*Id.*) On May 19, 2012, Dr. Batizy saw plaintiff again for lower back pain triggered by bending over the bathtub and she was provided medication with instructions to follow-up with Dr. Stetler. (*Id.*) Plaintiff saw Dr. Stetler on May 21, 2012, still complaining of pain and pressure in her lower back, and pain in the front of her legs. He prescribed medication and provided plaintiff with a note excusing her from work (without explanation) at McDonald's from May 21-June 14, 2012. (*Id.* at 834-35.) Plaintiff began physical therapy, but reported that her back pain was worse with therapy and that her medications were ineffective. Dr. Stetler adjusted her medications and extended her work excuse twice until July 12, 2012. (*Id.* at 835.) Plaintiff sought an additional extension until a scheduled appointment with the pain center on July 24, 2012, which Dr. Stetler provided. (*Id.*)

Nearly eighteen months after her first visit to the pain center on February 8, 2011, Flanagan returned for a second visit on July 24, 2012. (*Id.*) Dr. Batalla noted that plaintiff had not taken two of the three medications he had prescribed. The working diagnosis from the first visit was shoulder pain and fibromyalgia. At her first visit, plaintiff was not willing to consider Lyrica because of possible side effects, but indicated a change of mind at the second visit. When Flanagan asked Dr. Batalla "what about work?" he told her that he was not in a position to give her any work restrictions as this was only the second time he had seen her "and we still have not optimized [your]" condition." Dr. Batalla recommended a follow-up visit in 1-2 moths. (*Id.* at

3

836; (Doc. No. 12 (Transcript of Proceedings before the Social Security Administration ["Tr."]) at 392.)

On July 25, 2012, Dr. Stetler extended plaintiff's work excuse until August 12, 2012, indicating she could return to work without restrictions at that time. (R&R at 836.) On August 10, 2012, she was seen for a follow-up regarding "back issues, medications and about work[.]" She also reported muscle cramps and weakness and that she had trouble gripping objects with her hands. Dr. Stetler adjusted her medications, extended her work excuse for two more weeks, and told her to increase activity to reduce pain symptoms. (R&R at 836.)

During an office visit with Dr. Stetler on July 19, 2014 for anxiety, plaintiff reported she had been fired from work due to pain with standing, and that she missed work due to difficulties with her children. (Tr. at 617.) At that same visit, "Flanagan indicated that she needed to find a doctor to treat fibromyalgia and back pain[.]" (Doc. No. 13 at 793; Tr. at 617.)

Plaintiff continued to report lower back and shoulder pain, was diagnosed with left L5-S1 stenosis and radiculopathy, left L5 and S1; degenerative lumbar disc disease, L5-S1 with foraminal disc protrusion, left L5-S1; and low back pain and degenerative disc disease with foraminal stenosis, left L5 and S1. Plaintiff ultimately had back surgery on July 24, 2013. (R&R at 836-37.) She began physical therapy in August 2013, but told the physical therapist on September 13, 2016 that she was having difficulty with the exercises because of increased fibromyalgia symptoms. Plaintiff did not appear for physical therapy appointments on September 16, 18, and 20, 2013. (*Id.* at 837.) Plaintiff continued to report lower back and leg pain through March 6, 2014. (*Id.*) Flanagan saw Dr. Stetler again on August 6, 2014 and reported improvement in back pain with medication. (*Id.* at 838.)

4

Plaintiff's medical records also reflect that she suffers from obesity and depression, among other conditions. (*See id.* at 833.) Plaintiff's medical conditions are not contested.

**B. Social Security Administration Proceedings**

On July 30, 2012, Flanagan applied for DIB, and applied for SSI on August 6, 2012. (*Id.* at 830.) She listed "mild degenerative disc disease, bulging disc, fibromyalgia, osteoarthritis" as the conditions that limited her ability to work. (*Id.* 832.) Her applications were denied initially and upon reconsideration. (*Id*. at 830.) Plaintiff requested a hearing before an administrative law judge ("ALJ") where she was represented by counsel and testified. A vocational expert also attended the hearing and testified. (*Id*. at 831.) At the hearing, Flanagan testified that her most significant problem was pain and pressure in her back, and that the surgery did not alleviate her condition. (*Id.* at 832.) Plaintiff's chronic back condition causes her to experience anxiety because she can no longer perform her normal activities. (*Id.*) Plaintiff also testified that she suffers from asthma, depression, and fibromyalgia. With respect to the fibromyalgia, plaintiff testified that she has had fibromyalgia for twenty years, but the condition has become worse since about 2007. When she has a fibromyalgia "attack," plaintiff testified that she has difficulty with her hands, that her hands and muscles ache, and she cannot squeeze or hold anything. Flanagan's fibromyalgia symptoms occur a couple of times a week in warm weather, but almost daily in cold weather. (*Id.* at 832-33, 849.)

The ALJ accepted Flanagan's fibromyalgia diagnosis, but found that her fibromyalgia (among other diagnosed conditions) was a non-severe impairment and imposed only minimal

5

limitations on Flanagan's ability to perform basic work activities.[5] (*Id.* at 842.). The ALJ nevertheless incorporated the limitations caused by fibromyalgia and plaintiff's other non-severe conditions into the residual functional capacity analysis. (*Id.*) The ALJ applied the standard five-step disability analysis and determined that Flanagan was not disabled. The Appeals Council denied plaintiff's request for review of the ALJ's decision, thus rendering the ALJ's decision the Commissioner's final decision. (*Id.* at 831.)

### C. Plaintiff's Challenge to Commissioner's Decision

Plaintiff's complaint in this Court challenges the Commissioner's denial of benefits, claiming that: (1) the ALJ erred by failing to adequately account for the effect of fibromyalgia in Flanagan's functional abilities; (2) the ALJ erred by rejecting the opinion of plaintiff's treating physician, Dr. Stetler; and (3) the ALJ's credibility determination is not supported by substantial evidence. (*Id.*) Plaintiff does not challenge the ALJ's specific finding that her fibromyalgia is a non-severe impairment.

## II. DISCUSSION

### A. Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of

---

[5] The ALJ found that Flanagan had the following severe impairments: obesity, disc herniation with neural compression, tendonitis of the left shoulder, personality disorder, and depression. (R&R at 842.))

specific objections filed by any party.") (citations omitted); *Orr v. Kelly*, No. 1:14-cv-2302, 2015 WL 5316216, at *2 (N.D. Ohio Sept. 11, 2015) (citing *Powell*, 1994 WL 532926, at *1); Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b) (an objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"); *Aladimi v. Hamilton Cty. Justice Ctr.*, No. 1:09-CV-398, 2012 WL 529585, at *5 (S.D. Ohio Feb. 17, 2012) (collecting cases). "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller*, 50 F.3d at 380), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). The Court need not conduct a de novo review of objections that are not properly filed within the meaning of Fed. R. Civ. P. 72(b)(3). *Kinstle v. Bunting*, No. 3:13CV998, 2015 WL 6561243, at *3 (N.D. Ohio Oct. 29, 2015).

**B. Analysis**

In the R&R, the magistrate judge found that: (1) substantial evidence supported the ALJ's evaluation of Flanagan's fibromyalgia impairment (R&R at 850); (2) the ALJ's decision concerning the weight given to Dr. Stetler's opinion was supported by good reasons and substantial evidence (*id*. at 856); and (3) the ALJ properly evaluated the credibility of plaintiff's subjective complaints (*id*. at 860). On this basis, the magistrate judge recommended that the Commissioner's decision be affirmed. (*Id*. at 861.)

In her cursory objection, plaintiff argues that the magistrate judge's assertion in the R&R that plaintiff "'fails to cite any medical evidence or any treating source which would demonstrate that her fibromyalgia causes *significant functional work limitations*' is simply not true"[6] and that, to the contrary, she "'clearly spoke' in her brief about the opinion evidence from treating primary doctor, Dr. Christopher Stetler."[7] (Obj. at 863 (emphasis added).) Plaintiff then proceeds to reassert the arguments in her original brief that "the ALJ completely failed to discuss any evidence related to Flanagan's fibromyalgia which was inconsistent with the applicable legal precedents[]" rendering

> the ALJ decision unsupported by substantial evidence. It further plagued the analysis of treating physician Dr. Stetler's opinion, which Plaintiff maintains was highly supported by his own treatments and the other treatments of record. . . . The ALJ could not have provided "good reasons" for rejecting Dr. Stetler's opinion considering the ALJ misanalysed a significant component of Plaintiff's

---

[6] Plaintiff claims that this objection covers both the magistrate judge's finding related to fibromyalgia, and "also affects plaintiff's treating physician argument." (Obj. at 862.) Plaintiff, however, makes no specific objection to the R&R in that regard.

[7] Dr. Stetler's opinion regarding plaintiff's residual functional capacity identifies diagnoses of lumbago and radiculopathy, fibromyalgia, shoulder and neck pain, and depression, producing symptoms of pressure in the back and numbness down the left leg and into the groin; shoulder pain with "Trap" spasm with snapping and popping of shoulder; generalized "acheyness" which is increased in cold weather; and anxiety in stressful situation. Based on these diagnoses and symptoms, Dr. Stetler opined that plaintiff was limited to "far less than sedentary work." (*See* Obj. at 8663; Tr. at 526-27.)

8

pain, a component Dr. Stetler relied upon in determining Plaintiff's functional limitations.

(*Id.* (citing Doc. No. 13).)

In opposition, the Commissioner argues that Flanagan's (improper) objection constitutes nothing more than disagreement with the R&R, and simply reiterates the arguments in her brief regarding the shortcomings of the ALJ's evaluation of plaintiff's fibromyalgia and the reasons advanced by the ALJ for not giving controlling weight to the opinion of plaintiff's treating physician. (Resp. at 866-67.)

Flanagan's objection is insufficient in that it simply summarizes prior arguments and/or asserts disagreement with the magistrate judge's recommendation. Plaintiff's reassertion of the arguments from her original brief is "tantamount to a complete failure to object." *Langford v. Caruso*, No. 11-10219, 2011 WL 3034539, at *2 (E.D. Mich. July 25, 2011) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam)); *Aldrich*, 327 F. Supp. 2d at 747.

Plaintiff's disagreement with the magistrate judge that plaintiff failed to point to evidence from a treating source that fibromyalgia causes *significant* functional work-related limitations was an issue addressed in her brief. There she argued that Dr. Stetler's opinion "is much more significantly limiting than the RFC." (Doc. No. 13 at 799.) But both the ALJ and the magistrate judge specifically considered Dr. Stetler's opinion regarding plaintiff's residual functional capacity based upon plaintiff's conditions, which included fibromyalgia. (*See* R&R at 838-39; Tr. at 101-102.) Flanagan's "objection" does nothing more than express disagreement with the R&R finding and the ALJ's decision that Dr. Stetler's opinion does not support a conclusion that plaintiff's fibromyalgia causes *significant* functional limitations.

In her objection, Flanagan points to no error in the R&R. She does not contest the legal standard applied by the magistrate judge regarding consideration of fibromyalgia in a disability,[8] nor does she contest the standard the magistrate judge applied in his analysis regarding the treating physician's testimony or the analysis of plaintiff's credibility. Likewise plaintiff does not disagree with the magistrate judge that the mere diagnosis of fibromyalgia is not equivalent to a finding of disability, says nothing about the severity of the impairment, and does not change plaintiff's burden to establish that her fibromyalgia causes significant work-related limitations. (R&R at 848 (citations omitted).) *See also Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012) (There is "an important distinction between, on one hand, diagnosing fibromyalgia and finding it to be a severe impairment and, on the other, assessing a claimant's physical limitations due to the impairment.").

After thoroughly and exhaustively considering all of the evidence, including Dr. Stetler's opinion regarding plaintiff's work-related limitations, the magistrate judge found that the ALJ's determination that plaintiff's non-severe impairment of fibromyalgia (along with her other conditions) did not result in significant functional work-related limitations was supported by substantial evidence. Although plaintiff disagrees with that conclusion, mere disagreement with the thoughtful and thorough R&R, in which the magistrate judge carefully analyzes the issues, does not constitute a proper objection to the R&R. *Aldrich*, 327 F. Supp. 2d at 747.

---

[8] R&R at 848 (citing *Davila v. Comm'r of Soc. Sec.*, 993 F. Supp. 2d 737, 754 (N.D. Ohio 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007)) and *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp.2d 986, 990 (N.D. Ohio 2003)).

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's "objection" is not properly filed within the meaning of Fed. R. Civ. P. 72(b)(3) and, therefore, is overruled. The Court accepts the report and recommendation of the magistrate judge. The Commissioner's decision to deny plaintiff's application for DIB and SSI benefits is affirmed.

**IT IS SO ORDERED**.

Dated: July 21, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**